**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| WT Arizona LLC,, </br></br>　　　　Plaintiff, </br></br>vs. </br></br>William Creekmur and Jane Doe Creekmur, husband and wife, </br></br>　　　　Defendant. | No. CV 07-691-PHX-JAT </br></br>**ORDER** |

　　　　Pending before this Court is Plaintiff's Motion for Temporary Restraining Order (Doc. #3). Before the Court considers the request for temporary restraining order, Plaintiff must show cause why this case should not be dismissed for lack of Federal subject matter jurisdiction. Plaintiff alleges that its principle place of business is Arizona and that Defendants are citizens of Arizona. Therefore, if Plaintiff is a corporation, there is no diversity. A corporation is a citizen of every state in which it is incorporated and the state where it has its principal place of business. *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing 28 U.S.C. § 1332(c)). However, the Complaint claims that Plaintiff is an LLC.

> Unincorporated enterprises are analogized to partnerships, which take the citizenship of every general and limited partner. *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). ... [L]imited liability companies are citizens of every state of which any member is a citizen.

*Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *see also Johnson v. Columbia Properties Anchorage,* 437 F.3d 894, 899 (9th Cir. 2006).

Accordingly,

**IT IS ORDERED** that Plaintiff shall file an amended complaint properly alleging Federal subject matter jurisdiction (by alleging the citizenship of each member of the LLC) before the Court will entertain the Motion for Temporary Restraining Order; and in any event, if Plaintiff fails to file an amended complaint within 10 days, the Court will dismiss the Complaint for lack of subject matter jurisdiction.

DATED this 3rd day of April, 2007.

/s/ James A. Teilborg
James A. Teilborg
United States District Judge